IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED VAN LINES, LLC § | |
|    Plaintiff § | |
| § | |
| v. § | C.A. NO. A-05-CA-961 LY |
| § | |
| EMEKA UCHENDU and § | |
| NEW ERA TECHNOLOGIES, MD, INC. § | |
|    Defendants § | |

## DEFENDANTS' ORIGINAL ANSWER
## AND REQUEST FOR DECLARATORY RELIEF

Defendants, Emeka Uchendu ("Mr. Uchendu") and New Era Technologies, MD., Inc. ("New Era") hereby answer the Original Complaint of Plaintiff United Van Lines, LLC ("United").

### DEFENDANTS' ORIGINAL ANSWER

#### Answer to the Complaint

In response to the separately numbered paragraphs of Plaintiff's Original Complaint, Defendants answer as follows:

1.  Defendants admit only in Paragraph 1 that the Plaintiffs have pled jurisdiction; otherwise, the allegations are denied.

2.  Defendants deny the allegations in Paragraph 2. The controversy herein arose from the interstate carriage of a Noritsu QSS-2102SM Printer/Processor and a Noritsu QSF-V100SM Film Processor.

3.  Defendants admit that United Van Lines, LLC is a Missouri corporation with its principal offices located at One United Drive, Fenton, Missouri 63026. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the

Plaintiff's allegations regarding the status of Plaintiff with the Surface Transportation Board; unless expressly admitted herein, all remaining allegations are denied.

4.      Defendants admit that Mr. Uchendu is a citizen and resident of the State of Maryland. Defendants deny that Mr. Uchendu has done business in the State of Texas or that agreements underlying this dispute were to be performed in whole or in part in Austin, Texas. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the agreements named in Paragraph 4 form the basis of this case or controversy, as Defendants are uncertain to which agreements Plaintiff refers. Defendants admit that Mr. Uchendu has not appointed an agent for service of process. Defendants are not required to admit or deny whether the Secretary of State of Texas is able to forward summons of this suit; unless expressly admitted herein, all remaining allegations are denied.

5.      Defendants admit that New Era is a corporation organized and existing under the laws of the State of Maryland. Defendants deny that New Era did business in the State of Texas by entering into one or more agreements that were performable in whole or in part in Austin, Texas. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the agreements named in Paragraph 5 form the basis of this case or controversy, as Defendants are uncertain to which agreements Plaintiff refers. Defendants admit that Mr. Uchendu has not appointed an agent for service of process in the State of Texas. Defendants are not required to admit or deny whether the Secretary of State of Texas is able to forward summons of this suit; unless expressly admitted herein, all remaining allegations are denied.

6. Defendants admit only the allegations in Paragraph 6 that the Plaintiffs have pled juridsiction; otherwise, the allegations are denied.

7. Defendants deny that venue is proper in the Western District of Texas. Defendants deny that "the contract" was performable in whole or in part in the Western District of Texas. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the immediate action arising out of "the contract," as Defendants are uncertain to which "contract" Plaintiff refers. Defendants deny that a substantial part of the events and omissions giving rise to this action occurred in the Western District of Texas; unless expressly admitted herein, all remaining allegations are denied.

8. Defendants admit that United seeks a declaration from this Court. Defendants admit that Defendants have made demand upon United for payment of not less than $35,000.00 sustained to the Goods at issue. Defendants admit that United has attached a copy of such demand to their Complaint. Defendants admit that United contends that it only owes $875.00 to Defendants; unless expressly admitted herein, all remaining allegations are denied.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny that there is federal question jurisdiction in this Court. Defendants deny that Defendants have sought remedies under the Carmack Amendment or which require this Court to interpret the Carmack Amendment; unless expressly admitted herein, all remaining allegations are denied.

11. Defendants deny that Defendants purchased the Goods in Austin, Texas. Defendants admit that Defendants purchased, through Star Equipment Company, the

Goods, and that the Goods were supplied to Star Equipment Company from Ritz Camera in Austin, Texas. Defendants admit that Star Equipment Company arranged with Insite Logistics, Inc. to transport the Goods to Defendants. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that Star and Insite together selected United to transport the Goods from Austin, Texas to Defendants in Parkville, Maryland; unless expressly admitted herein, all remaining allegations are denied.

12. Defendants admit the allegations in Paragraph 12.

13. Defendants admit that Defendants' shipment was transported pursuant to Bill of Lading Number 180-121-4. Defendants deny that the Bill of Lading, in the form provided to Defendants, is attached to Plaintiff's complaint. Defendants admit that the "Transportation Services Agreement" on the Bill of Lading is identified as "U-036173-0015." Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "National Account" number is LH14-B. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "Transportation Services Agreement" attached to Plaintiff's complaint is the agreement referred to by Plaintiff. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "Transportation Services Agreement" was effective December 8, 2003 through June 19, 2004. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegation that the "Transportation Services Agreement" was in effect when Defendants' goods were transported in interstate commerce from Austin, Texas to Parkville, Maryland; unless expressly admitted herein, all remaining allegations are denied.

14. Defendants admit that they have claimed that Defendants' goods were damaged during interstate transit by United. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants admit that the Carmack Amendment may act as a limitation upon an interstate carrier's liability. Defendants deny the remaining allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that United seeks a declaration from the Court; unless expressly admitted herein, all remaining allegations are denied.

### AFFIRMATIVE DEFENSES

Defendants make the following affirmative defenses:

1. Defendants assert the affirmative defense of fraud.

2. Defendants assert the affirmative defense of illegality.

Defendants reserve the right to assert additional affirmative defenses revealed in the course of discovery.

### DEFENDANTS' REQUEST FOR DECLARATORY RELIEF

Defendants make the following request for Declaratory Relief from the Court.

#### I.   Parties

1. Counter-Plaintiff, Emeka Uchendu, is a resident of Maryland.

2.   Counter-Plaintiff, New Era Technologies, MD, Inc. is a Maryland corporation with its principal offices located at 7123 Hartford Road, Parkville, Maryland, 21234.

3.   Counter-Defendant, United Van Lines, LLC is a Missouri corporation with its principal offices located at One United Drive, Fenton, Missouri 63026.

## II.   Venue & Jurisdiction

4.   To the extent jurisdiction and venue are proper for Plaintiff's Complaint, they are appropriate for Defendants' Request for Declaratory Relief pursuant to 28 U.S.C. § 2201.

## III.   Facts

5.   Defendants sought to purchase commercial photography equipment for use in Defendants' commercial imaging business. In order to locate suitable equipment, Defendants contacted Star Equipment Company ("Star"), a Washington State corporation. Star located suitable equipment, namely a Noritsu QSS-2102SM Printer/Processor and a QSF-V100SM Film Processor (the "Goods"). The Goods were located in Austin, Texas and held by Ritz Camera.

6.   Defendants paid Star for the Goods. Star, in turn, arranged for payment to Ritz Camera and arranged for shipping of the Goods.

7.   Upon information and belief, Star contracted with Insite Logistics, Inc. ("Insite") to arrange for the disassembly and shipment of the Goods.

8.   Insite contracted with United to transport the Goods from Austin, Texas to Parkville, Maryland, where Defendants were located. The contract between Insite and United apparently contained limitations on United's liability for damage and/or loss.

9. Insite and United are sister companies; each is owned by Unigroup, Inc.

10. The Goods were delivered to Defendants on May 11, 2004. In transport, while in the custody of United, the Goods suffered severe damage. Among other damage, the microprocessor units for both machines were destroyed. Absent these microprocessor units, the machines are completely inoperable. These damages were timely reported to United.

11. As stated in its Complaint, United asserts that it is liable for only $875.00 in damages to Defendants. Defendants assert that United is contractually liable for approximately $35,000.00, the amount necessary to repair the machines.

12. Defendants seek a declaration by the Court of the rights and liabilities of the Parties.

WHEREFORE, Defendant Emeka Uchendu and New Era Technologies, MD., Inc. request that this Court enter a judgment declaring:

1. That United is liable for loss and/or damage to Defendants' Goods;

2. That United's liability for such loss and/or damage is not limited to $5.00 per pound per article;

3. That, alternatively, if United's liability for such loss and/or damage is limited to $5.00 per pound per article, that United is incorrectly applying such measure of loss and/or damage;

4. That Defendants are not subject to the provisions of the Carmack Amendment;

5.  That, Alternatively, if Defendants are subject to the provisions of the Carmack Amendment, that Defendants did comply with all requirements of the Carmack Amendment.

6.  The rights and liabilities of the parties;

7.  Resolving any other questions or controversies that might remain between United and Defendants;

8.  Award all costs of this action, including attorneys' fees and costs of court to Defendants;

9.  Grant Defendants such other and further relief that Defendants may demonstrate themselves justly entitled.

Respectfully submitted,

/s/ Aaron Charles de la Garza
Aaron Charles de la Garza
Texas Bar No. 24028282
Law Office of Aaron Charles de la Garza
611 W. 15th
Austin, Texas 78701
(512) 472-1172 (phone)
(512) 697-0038 (facsimile)

**ATTORNEY-IN-CHARGE FOR EMEKA UCHENDU and NEW ERA TECHNOLOGIES, MD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was served on the following counsel of record on the 30th day of January 2006, via certified mail, return receipt requested.

Mr. Vic H. Henry
Henry Oddo Austin & Fletcher, P.C.
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201

                                                    Aaron Charles de la Garza